201 So.2d 61

**James Edward MASON**

v.

**STATE.**

**6 Div. 466**

Supreme Court of Alabama.

June 22, 1967.

James Edward Mason, pro se.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

HARWOOD, Justice.

This is an appeal from a judgment denying James Edward Mason's petition for a writ of error coram nobis.

The record shows that petitioner in 1952 and 1953 was under separate indictments for robbery. In 1952 he was tried under one of these indictments and the jury returned a verdict of guilty and fixed his punishment at death. On appeal the judgment in this case was reversed because of rulings on evidence. See Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847.

A reading of this opinion, however, discloses facts tending to show that the defendant, appellant in the present case, was guilty of the robbery which was accompanied by a vicious attack on the victim. Upon remand of this case, this appellant was again arraigned and thereafter withdrew his plea of not guilty and entered a plea of guilty. Thereafter he also withdrew his pleas of not guilty and entered pleas of guilty to the two remaining indictments for robbery, and his punishment was fixed at life imprisonment in each of these two cases.

The record on this appeal shows affirmatively that this appellant was represented on arraignment and in all proceedings thereafter by an attorney. This same attorney had represented the appellant in the original case in which he received the death sentence, and a reading of the opinion of this court in that case (Mason v. State, supra) discloses the competency of his counsel's representation.

In his petition for writ of error coram nobis, in which this appellant was represented by different but competent counsel appointed by the court, the appellant asserts (1) that a statement confessory in nature was obtained from him through threats, coercion, and abuse, and (2) that he was induced to plead guilty by promises of lesser punishment.

Since the appellant pleaded guilty to to three charges against him, the voluntariness of confession is not material and cannot be made the basis for a collateral attack upon the judgment entered pursuant to the plea of guilty voluntarily and understandably made. Knowles v. State, 280 Ala. 406, 194 So.2d 562; Cooper v. Holman, 5 Cir., 356 F.2d 82; Busby v. Holman, 5 Cir., 356 F.2d 75.

Apparently the basis of appellant's contention that he was induced to enter a plea of guilty by a promise of a lesser punishment, is to be deduced from the assertion in his petition for a writ of error coram nobis to the effect that he was told by his attorney "that the solicitor was unhappy because his death sentence had been set aside," and "that the only way you can avoid another death sentence, which I will not be able to get off you this time, is to plead guilty to two robbery charges and receive two life sentences."

The appellant asserts that he was by now thoroughly intimidated and did as he was told, and was sentenced to two terms of life imprisonment to begin at the expiration of his twenty year sentence.

In view of the viciousness of the robbery for which the appellant received the death sentence in his original trial, it was undoubtedly the aim of the defendant's counsel to save the appellant from another death sentence if the original case was retried, particularly in view of the other two robbery charges pending against him. Mason v. State, supra, contains a thumbnail sketch of these other two robberies and demonstrates the seriousness of these additional charges. It is therefore highly probable that the appellant did receive a lesser punishment by his pleas of guilty.

In his petition in the present case, it is set forth:

"The petitioner does not mean to criticize his attorney" (the attorney who represented him in the criminal charges) "but would like to point out to the court that his age and experience should have automatically disqualified him for defending a man when he was on trial for his life."

 This equivocal statement hardly amounts to an allegation that the attorney representing the appellant in his criminal charges was incompetent. If such allegation is to be read into the above statement, then it is completely refuted by the high degree of competency of representation of the attorney as disclosed by a reading of Mason v. State, supra.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.