**530**

215 So.2d 468

**Hobert H. PALMER**

v.

**STATE.**

**7 Div. 937.**

Court of Appeals of Alabama.

Nov. 5, 1968.

———◆———

Hobert H. Palmer, pro se.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

This is an appeal from a judgment of the Circuit Court of DeKalb County, Alabama, denying appellant's petition for writ of error coram nobis.

Petitioner alleges in his petition that in July of 1966 he was indicted by the DeKalb County Grand Jury for the offense of first degree murder; that he entered pleas of not guilty and not guilty by reason of insanity; that he was represented by Attorneys Roderick Beddow, Sr., and H. O. Weeks; that this trial ended in a mistrial; that on February 16, 1967, he pled guilty to the lesser offense of first degree manslaughter and received a six and one-half year sentence; that Attorney Weeks alone represented him at this proceeding; and that his appeal from this conviction was affirmed by the Court of Appeals on November 28, 1967.

The primary contention made by appellant is that he was coerced into pleading guilty at his trial.

Our sole inquiry, therefore, is in determining whether the trial court erred in finding that appellant's plea of guilty was voluntary and understandingly made. Cooper v. Holman, 356 F.2d 82 (5 . Cir. 1966).

Appellant testified that after the mistrial, his lawyers told him that the District Attorney wanted to settle the case and that if he pled guilty to manslaughter he would get six and a half years. Appellant further testified that "they [the lawyers] implied if I didn't take the six and a half years, that I would have to go to Tuscaloosa."

In Cortez v. United States, 9 Cir. 1964, 337 F.2d 699, the Ninth Circuit Court of Appeals stated in part:

"No competent lawyer, discussing a possible guilty plea with a client, could fail to canvass these possible alternatives with him. * * * At the same time, the lawyer is bound to advise his client fully as to his rights, as to the alternatives available to him, and of the fact that neither the lawyer nor the prosecutor nor anyone else can bargain for the court. There is nothing wrong, however, with a lawyer's giving his client the benefit of his judgment as to what the court is likely to do, always making it clear that he is giving advice, not making a promise.

"The important thing is * * * that the plea shall be a genuine one, by a defendant who is guilty; one who understands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced."

We here find no testimony which convinces us that appellant's counsel coerced or unfairly induced appellant to plead guilty to the charge. We, therefore, conclude that the trial court who heard the testimony and observed the witness was without error in denying the writ of error coram nobis.

The judgment in this cause is due to be and the same is hereby

Affirmed.