215 So.2d 887

**Wilburn CALLAHAN**

v.

**STATE.**

**8 Div. 158.**

Court of Appeals of Alabama.

Nov. 5, 1968.

Jim C. Fincher, Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

CATES, Judge.

This is a coram nobis appeal: the circuit court sustained the State's demurrer to Callahan's petition as finally amended.

We have jurisdiction of this appeal because the original conviction carried a five year sentence. See Ex parte Goodman, 43 Ala.App. 183, 185 So.2d 146. It was brought here on a stalling appeal on the record proper.

I.

We adopt the argument advanced by the Attorney General in the instant appeal:

"The single question on this appeal is whether or not the trial court acted properly in sustaining the State's demurrer to appellant's amended petition for writ of error coram nobis.

"In the first ground of his amended petition, appellant contends that he was questioned [by police] without being advised of his constitutional rights. No where * * * does he allege that a confession was obtained as a result of such questioning and later introduced into evidence against him at his trial. Failure to allege these additional facts rendered appellant's first contention demurrable. This is so because even if a confession had been obtained from appellant without him being properly advised, it would not be a ground for coram nobis relief unless the confession had been introduced into evidence at his trial.

"In appellant's second ground he alleges that this Court unlawfully affirmed his case, because he was not represented by counsel on appeal even though he was indigent.

"Assuming this allegation to be true, it still would not be a ground for coram nobis relief. His remedy is to request this Court to set aside the affirmance of his case, restore the case to the docket, and appoint him counsel for his appeal.

"Since the allegations in appellant's amended petition were defective, it was proper for the trial court to sustain the State's demurrer."

We add that we have examined the record proper of the affirmance on appeal to this court (8 Div. 106, affirmed without opinion Feb. 21, 1967). No request for appellate counsel under Act 526, September 16, 1963, appears therein. No application for rehearing was made.

Under § 4 of said Act 526, a timely request to the presiding judge of the court of appeals is a prerequisite to the appointment of appellate counsel. Caton v. Ala-

**548**

bama, 392 U.S. 645, 88 S.Ct. 2298, 20 L.Ed. 2d 1354, does not hold otherwise.

In Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811, the frame of reference, the basic premise for the ratio decidendi, was given as:

"* * * The record shows that petitioners requested, and were denied, the assistance of counsel on appeal, even though it plainly appeared they were indigents. * * *"

### II.

In his judgment sustaining the demurrer to the coram nobis petition, the trial judge (a) refused to explore the motives of trial counsel as to his strategy or tactics of defense; and (b) pointed out that employed counsel signed the notice of appeal in the circuit court.

### III.

■ The judgment below was in its operative words as follows:

"IT IS, THEREFORE, ORDERED, by the Court that the demurrer to the petition of coram nobis as amended be and the same is hereby sustained. The petitioner may amend his petition within ten (10) days from the date of this decree if he be so advised, and he is directed to make any such amendment which is available to him, and his failure to do so will be construed by this court as waiving the same. The petitioner is advised of this fact in open court.

"This the 1st day of November, 1967.

"/s/ Newton B. Powell
Circuit Judge"

We treat the notice of appeal filed November 20 both as a refusal to plead further with a consequent automatic nonsuit and also as a notice of appeal.

The judgment is due to be

Affirmed.