229 So.2d 542

Homer Lee GIBSON

v.

STATE.

2 Div. 12.

Court of Criminal Appeals of Alabama.

Dec. 16, 1969.

Franklin C. Evans, Butler, for appellant.

works to shift the burden of proof. Also, Anno. 53 A.L.R. 1494, and 167 A.L.R. 658.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from denial of coram nobis which Gibson sought in order to set aside a robbery conviction carrying a life sentence.

We quote from the State's brief:

"Homer Lee Gibson took the stand in his own behalf and testified that he was eighteen years old and was charged with armed robbery and fourteen charges of grand larceny and burglary and escape— a total of fifteen charges. He stated that he pleaded guilty in each case and received a life sentence for the charge of * * * robbery and other sentences were to run concurrently; * * * that his attorney stated that if he did not plead guilty * * * he would get the electric chair, which is one of the grounds alleged in the petition for error coram nobis. He stated that he was afraid of getting the electric chair.

"On June 12, 1967 Gibson testified that he escaped from jail. He was placed in jail on June 6, 1967 and escaped and was then arrested again and put back in jail before the fall term of court. While waiting for his trial, Gibson stated that the sheriff told him three or four times a week that if he did not plead guilty, he would get the electric chair. * * *.

"Gibson further testified that he did not commit the robbery and that the only reason he did enter his plea of guilty was because he had been threatened by the sheriff and his court appointed attorney.

"David Gibson, Gibson's father, * * * visited his son at the jail on numerous occasions * * * before the trial. He stated that the sheriff questioned his son in his presence; * * * his son's attorney and the sheriff told his son that if he was guilty the best thing to do was to plead guilty and take a life sentence instead of the death sentence; * * * he and his wife heard the attorney tell his son this; * * * the sheriff stated that 'he could get the death penalty' and that the sheriff advised him, as well as his attorney, the best thing to do. The father testified further that his son was not threatened. (R. 22).

* * * * * *

"Sheriff Leon Clark testified that he placed Homer Lee Gibson, Jerry Wayne Sanders, Freddie Walter Smith, and Lenoir Thompson in jail and they later escaped. Thompson and Smith were apprehended first. Later that night in front of the old Melton house, the sheriff and his deputies ordered Gibson and Sanders to come out of hiding and they did. Inside the house there were two pistols, one of which was the sheriff's and the other belonging to a deputy.

"The sheriff testified that Gibson's father was correct in his testimony in stating that he only advised his son that it would be best for him to accept a life sentence rather than take a chance of getting the electric chair.

"The presiding judge asked the sheriff if he was present in court when Gibson pleaded guilty. The sheriff stated that he was and he believed that Gibson's guilty plea was voluntarily made to the court and there were no threats, coercion, or duress used.

"The Clerk of the Circuit Court of Choctaw County, Alabama, James A. Christopher, testified, in pertinent part, as follows:

" 'Q    Were you here in court at the time this case was disposed of?

" 'A    Yes, sir.

" 'Q    I will ask you if the defendant, Homer Lee Gibson, voluntarily pleaded guilty to this charge of robbery upon the Judge's question of how he pleaded, guilty or not guilty?

" 'A    Yes, sir, he did.

" 'Q   Was that plea voluntarily made?

" 'A   Yes, sir.

" 'Q   Was it made by Homer Lee Gibson?

" 'A   Yes, sir.

" 'Q   In response to the Court's question?

" 'A   Yes, sir.' "

Gibson's counsel concludes with the following:

"It is respectfully submitted that the Appellant, Homer Lee Gibson, was mentally unable to conceive of the many charges against him and that he was advised by his court-appointed attorney and by other officers that it would be best for him to plead guilty to armed robbery and receive one life sentence. It is submitted that due to his age, and mental incapacity to understand all the charges facing him, he was unable to prepare an adequate defense at his original trial in which he plead guilty to armed robbery, and that he should receive a new trial for these reasons set forth."

 Since we consider that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 does not apply, the failure of the State to establish an elaborate minute entry on the original conviction is not relevant. The rule of the whole occasion applies. Ware v. State, 44 Ala.App. 679, 219 So.2d 910.

Moreover, although Gibson made a conclusory statement that he was not guilty of robbing Herman T. Taylor, yet he offered no detailed proof to overcome his conviction.

The appellant had the burden of proof. Relief by way of the post-conviction remedy of writ of error coram nobis can be granted only on "clear, full and satisfactory proof." Eagen v. State, 280 Ala. 438, 194 So.2d 842.

Considering the presumption in favor of the original judgments of conviction as against Gibson's proof adduced in this cause, we conclude the judgment below is due to be

Affirmed.