241 So.2d 137

**Lee Odus TERRY**

v.

**STATE.**

**6 Div. 168.**

Court of Criminal Appeals of Alabama.

Nov. 17, 1970.

Fite, Davis & Fite, Hamilton, C. O. Burkhalter, Gordo, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This appeal is from a judgment of the Circuit Court of Fayette County denying appellant's petition for a writ of error coram nobis.

Petitioner was indicted for burglary with the intent to rape, and in a separate indictment for rape. The cases were consolidated for trial. At the conclusion of the state's case an agreement was reached whereby defendant entered pleas of guilty and was sentenced to twenty years in each case, the sentences to run consecutively.

The coram nobis petition is based on three grounds, viz:

1. That petitioner "was not advised of his civil and constitutional rights upon

his arrest or advised that he was entitled to counsel while being interrogated."

2. That "he was not properly represented by counsel which he is entitled to by the due process of law, in Powell v. Alabama, 287 U.S. 45, 69 [53 S.Ct. 55, 77 L.Ed. 158]."

3. That "he was tried and sentenced all in one day and at no time did he sign an information to enter a plea of guilty or did the court allow this petitioner the three days before sentence was passed upon him in order for this petitioner to change his plea if he wished to do so."

■ It is not alleged nor shown that a confession was obtained as a result of questioning by the officers. Ground one is without merit. Callahan v. State, 44 Ala.App. 546, 215 So.2d 887.

■ The record shows petitioner was indicted on February 24, 1969, arraigned on February 25, and trial began on February 26; that at arraignment and trial petitioner was represented by the same four attorneys appointed to represent him at his preliminary hearing on February 17, 1969. Each of these attorneys testified defendant was not pressured, coerced or induced to plead guilty; that they did advise him of the possibility of life sentences and even of the death penalty. It was further shown that the jury reluctantly accepted the agreement of twenty years imprisonment and that the foreman stated it was the recommendation of the jury that defendant never be paroled or pardoned. The trial judge in his order denying coram nobis found that petitioner was capably represented by counsel; that there was no evidence of any pressure or inducement by anyone to get him to plead guilty, but that he did so voluntarily and willingly.

We find no evidence which convinces us that defendant was induced to plead guilty. Palmer v. State, 44 Ala.App. 530, 215 So.2d

468; Champion v. State, 44 Ala.App. 660, 219 So.2d 416.

■ The appellant argues that the appointment of four attorneys violates the mandate of Title 15, Sec. 318, Code of Alabama 1940, which provides:

"When any person indicted for a capital offense is without counsel and the trial judge, after due investigation, is satisfied that the defendant is unable to employ counsel, the court must appoint counsel for him not exceeding two, * * *."

■ Appellant further contends that the trial court erred in permitting the jury to separate during the night while the trial was in progress. In its judgment the trial court found that the defendant consented for the jury to go to their homes at night, but the appellant points out that Section 97(1), Title 30, Code, supra, providing for separation of jury by consent applies only to counties having a population of 140,000 or more, and that Fayette County has a population of 15,699 according to the 1970 census.

■ There was no objection to the number of lawyers appointed to represent defendant and consent was given for the separation of the jury. The writ of coram nobis is not intended to relieve a party from the consequences of his own negligence. Stephens v. State, 36 Ala.App. 57, 52 So.2d 169; Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; Duncan v. State, 42 Ala.App. 509, 169 So.2d 439

■ The third ground of petition is without merit. The provisions of Title 15, Sec. 260, do not apply unless the prisoner desires to plead guilty to a non-capital felony charge before indictment.

The judgment is affirmed.

Affirmed.