267 So.2d 540

**Nathaniel DANIELS**

v.

**STATE.**

**2 Div. 93.**

Court of Criminal Appeals of Alabama.

Oct. 3, 1972.

Nathaniel Daniels, pro se.

No brief from the State.

HARRIS, Judge.

This is an appeal from a judgment granting the State's motion to dismiss a petition for writ of error coram nobis.

Daniels was convicted in the Circuit Court of Greene County of murder in the second degree and his punishment fixed at twenty-five years in the penitentiary. He did not appeal. In this coram nobis proceeding, he claims, among other things, he was not advised of his right to appeal. The judgment in the court below recites that the petition was filed approximately three months after his conviction and that he was represented by a well qualified and capable attorney of many years experience in the trial of criminal cases. At the time he filed his petition, there was still ample time in which to perfect an appeal. In Ex Parte Robert E. Roberson, 43 Ala.App. 354, 190 So.2d 566, the Court of Appeals held that a petition for coram nobis was properly dismissed where petitioner still had time to take a direct appeal.

The trial court appointed counsel for petitioner and conducted a hearing before granting the motion of the State to dismiss. Petitioner did not testify. He gave notice of appeal, sought and was furnished a free transcript of the record. We could regard this case as sui generis and treat appellant's several claimed errors, but we think it best to heed the admonition of the Supreme Court in Vincent v. State, 284 Ala. 242, 224 So.2d 601, 603, wherein it is stated:

"We digress to say that the instant case is not to be cited as a precedent that we have approved the filing and hearing of petitions for writs of error coram nobis prior to the expiration of the time to appeal in the case where judgment of conviction and sentence was had. * * *"

Accordingly, this case is due to be and is affirmed.

Affirmed.

CATES, P. J., and ALMON, TYSON and DeCARLO, JJ., concur.