272 So.2d 583

**Johnny CURRY**

v.

**STATE.**

**2 Div. 94.**

Court of Criminal Appeals of Alabama.

Jan. 23, 1973.

John F. Taylor, Jr., Demopolis, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

DAVID R. ARCHER, Circuit Judge.

This is an appeal from denial of coram nobis.

Petitioner was arrested and charged with two separate offenses of burglary second degree in the Circuit Court of Greene County, cases number 1261–A, 1262–A, to which he entered pleas of guilty. He was sentenced to five years imprisonment in each case.

He now contends that he confessed because of threats to his person and that he was denied access to an attorney when he requested same, and that he was denied a preliminary hearing in both cases. He further requests in his petition for writ of error coram nobis that the sentences in the two cases in which he was adjudged guilty on pleas of guilty, run concurrently.

The state moved to dismiss upon the grounds that 1) no matters or facts were alleged to warrant the petition, 2) that the United States Supreme Court has held that a failure to grant a preliminary hearing is not retroactive, and 3) that petitioner vol-

untarily entered his pleas of guilty and was represented by able and competent counsel. The Court after hearing evidence presented in behalf of Petitioner and the State decreed that the Petitioner failed to allege any matter to warrant granting his petition and the motion for a writ of error coram nobis was denied.

The testimony and records in this cause clearly shows the following:

Petitioner was in jail in Greensboro and was picked up and returned to Eutaw on two charges of burglary in the second degree. He was warned at the time under the *Miranda* decision concerning any statement he might make but voluntarily told the officer in whose custody he was detained that he committed two burglaries. No threats or offers of rewards or leniency were made to him in order to obtain the confession. Petitioner sent for the county district attorney and informed him that he wanted to plead guilty on an information and waive his cases going before the Grand Jury. He was appointed counsel to represent him and informed Honorable David M. Hall, Attorney at Law, that he wanted to plead guilty to both cases of burglary in the second degree. After a discussion with his attorney, the petitioner voluntarily pleaded guilty in cases number 1261–A and 1262–A Greene Circuit Court to burglary in the second degree and to which pleas of guilty he was adjudged guilty and sentenced to imprisonment in the penitentiary for five years in each case.

By Petitioner's own testimony at the hearing on his petition for a writ of error coram nobis he admits in court that he was guilty of one of the offenses of which he was charged.

The Petitioner pleaded guilty in the two cases on charges of burglary in the second degree and no confession was used in the determination of his guilt.

■ Since the Petitioner pleaded guilty to the charges against him, the voluntariness of the confession was not material and could not be made the basis for collateral attack by way of coram nobis upon judgment entered pursuant to voluntarily and understandably made pleas of guilty. Mason v. State, 281 Ala. 224, 201 So.2d 61.

■ If the confession had been obtained from Petitioner without his being properly advised of his constitutional rights, it would not be grounds for coram nobis relief unless the confession had been introduced into evidence at his trial (see Callahan v. State, 44 Ala.App. 546, 215 So.2d 887), and in this case the petitioner pleaded guilty without any confession being introduced at his plea of guilty against him.

■ A confession in the possession of the prosecutor which has been illegally obtained cannot be made the basis for a collateral attack upon judgment of conviction which was entered upon a plea of guilty voluntarily and understandably made by the petitioner. Knowles v. State, 280 Ala. 406, 194 So.2d 562; cert. den. 87 S.Ct. 1358, 386 U.S. 1011, 18 L.Ed.2d 442.

The evidence taken at the coram nobis hearing clearly indicates that the defendant was represented by able and experienced counsel.

■ Where defendant was represented by able and experienced counsel on whose advice he entered his plea of guilty, and there was nothing in the record to support a claim that the plea of guilty was extorted by fraud, duress, intimidation, or deception of any character, entering plea of guilty was not ground for writ of error coram nobis. Duncan v. State, 42 Ala.App. 509, 169 So.2d 439.

■ The Petitioner seeks this petition on the grounds that there was not warrant for his arrest and that he had no preliminary hearing. These grounds are not supported by the evidence and as Petitioner was arrested for a parole violation and

transferred to Eutaw, Alabama, where he requested that he be tried without being indicted by a Grand Jury. No request having been made for a preliminary hearing by the Petitioner leaves his petition without merit and without grounds for post conviction relief. Mills v. State, 277 Ala. 455, 171 So.2d 844; Aldridge v. State, 278 Ala. 470, 179 So.2d 51.

■ A mere naked claim of innocence which is the only thing contained in petitioner's petition is not sufficient for coram nobis relief. Ex parte Davis, 43 Ala.App. 188, 185 So.2d 417; Vincent v. State, 284 Ala. 242, 224 So.2d 601; Gibson v. State, 45 Ala.App. 293, 229 So.2d 542.

■ The evidence taken at the coram nobis hearing supported the conclusion that petitioner's confession made in the automobile to the police officer, after Petitioner had been told he had certain constitutional rights, was not obtained by inducement, promises, threats or fear and that his guilty pleas were freely and voluntarily entered; that his court-appointed counsel was effective and diligent in his representation of Petitioner and that there was no denial or infringement of his Constitutional rights as to render judgment subject to collateral attack. Lott v. State, 43 Ala. App. 256, 188 So.2d 285; cert. den. 279 Ala. 688, 188 So.2d 287.

After having considered the record thoroughly the Court is of the opinion that the decision of the trial court is due to be affirmed.

The foregoing opinion was prepared by Hon. DAVID R. ARCHER, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended; the Court has adopted his opinion as its own.

Affirmed.

All the Judges concur.