288 So.2d 150

**Jimmy Lee MACK**

v.

**STATE.**

**6 Div. 356.**

Court of Criminal Appeals of Alabama.

Jan. 2, 1974.

Claude M. Burns, Jr., Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

HARRIS, Judge.

This is an appeal from a denial of a petition for writ of error coram nobis filed in the Circuit Court of Tuscaloosa County seeking to set aside and vacate a judgment of conviction for burglary in the second degree and a sentence of three years in the penitentiary. Petitioner is in this court with a free transcript and a court-appointed lawyer.

The state filed a motion to dismiss alleging eight separate and several grounds.

The trial court overruled the motion and a hearing was had.

Petitioner was indicted for burglary, grand larceny, receiving and concealing stolen property, during the March term of the Circuit Court of Tuscaloosa County. At arraignment, attended by a court-appointed attorney, the Honorable Joseph A. Colquitt, he entered a plea of not guilty. Judge Colquitt was subsequently retained by petitioner's family to represent him. Judge Colquitt had several conferences with petitioner and undertook an investigation of the case in preparation for trial. He learned that petitioner had two prior felony convictions for similar offenses. The distinguished Judge wisely engaged in plea-bargaining negotiations with the District Attorney. The District Attorney recommended a three-year sentence. This information was imparted to petitioner, and the petitioner requested Judge Colquitt to see if the District Attorney would agree on a two-year sentence and probation. The District Attorney would not agree on a two-year sentence and probation in the light of petitioner's previous felony convictions.

When the case was called for trial on April 12, 1971, petitioner voluntarily changed his not guilty plea and entered a plea of guilty to the offense of burglary. His sentence was three years in the penitentiary.

On September 27, 1971, petitioner filed his petition giving rise to the present appeal. At the time he filed this petition, he still had ample time to perfect a direct appeal in which he could have raised all the questions made the basis of the petition for writ of error coram nobis.

Petitioner alleges:

1. That he was not advised of his right to remain silent and of the right to counsel during police questioning.

2. That he was arrested upon implication of an accused one accused of the same crime.

3. That he was denied the right to trial by jury.

4. That he was coerced into a plea of guilty by the court-appointed counsel.

5. That he was ineffectively and inadequately represented by the court-appointed counsel at the time of his trial.

■ No ground of the motion to dismiss took the point that petitioner still had time to take a direct appeal. Nevertheless, the trial court should have taken note of the time element involved and dismissed the petition on that ground. Had the attorney general filed such a motion in this court it would have been granted and the appeal dismissed. Vincent v. State, 284 Ala. 242, 224 So.2d 601; Ex parte Roberson, 43 Ala.App. 354, 190 So.2d 566; Daniels v. State, 48 Ala.App. 750, 267 So.2d 540.

■ The evidence developed during the trial of this case was without conflict that petitioner did not make a confession to the arresting officers. Therefore, the question as to his right to remain silent and to have counsel during the police interrogation is moot. Moreover, had petitioner made a confession or any incriminating statements the question as to the voluntariness thereof cannot be made the basis for a collateral attack upon the judgment entered pursuant to the plea of guilty voluntarily and understandably made. Mason v. State, 281 Ala. 224, 201 So.2d 61; Curry v. State, 49 Ala.App. 374, 272 So.2d 583.

■ The trial court found the plea of guilty made by petitioner to have been voluntarily and understandably made. A voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects including failure to advise one of his constitutional rights. Knowles v. State, 280 Ala. 406, 194 So.2d 562.

■ Petitioner testified that he agreed to plead guilty and accept a three-year sentence in the penitentiary for fear that if he had gone to trial and was convicted he would run the risk of receiving a greater

sentence. The law is clearly settled that a guilty plea is not involuntary because induced by a defendant's desire to limit the possible maximum penalty to less than that authorized if a trial by jury is had. Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785; Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

Absent from his petition for the writ of error coram nobis is an allegation that petitioner was innocent of the crime charged or that he had a valid defense. Under a long line of cases of this court and the Supreme Court, failure to make this assertion is fatal. Upshaw v. State, Ala.App., 277 So.2d 917, and the cases there cited.

The judgment entry recites:

"November 9, 1971. States Motion to Dismiss Petition is overruled and issue is joined on said Petition by parties. The Court having heard all the evidence, finds that said Petitioner was ably represented by highly competant (sic) counsel at the trial made the basis of this hearing, that his trial was fairly conducted and that none of his constitutional rights were evaded in any manner at his trial or prior thereto; that Petitioner is not entitled to the relief sought herein and that said Petitioner's Petition is denied and overruled and petitioner is ordered remanded to the custody of the State Department of Corrections in manner and form provided by law and it is so ordered. It is, therefore, considered by the Court, and it is the order and judgment of the Court that Petitioner's Petition for Writ of Error Coram Nobis be and hereby is denied and overruled.

"Fred W. Nicol, Judge."

We are in full accord with the judgment of the court below and this case is affirmed.

Affirmed.

All the Judges concur.