309 So.2d 509

**Procter MOSTELLA**

v.

**STATE.**

**7 Div. 331.**

Court of Criminal Appeals of Alabama.

March 4, 1975.

Wayne Miller, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Appeal from dismissal of a petition for writ of error coram nobis.

Mostella's conviction came from a plea of guilty on March 6, 1974, to an indict-ment for robbery. Thereupon the court without the intervention of a jury, (Code 1940, T. 15, § 277, as amended), sentenced him to serve ten years in the penitentiary to run concurrently with a life sentence from the St. Clair Circuit Court. The coram nobis petition was filed July 23, 1974 —at a time when an appeal could still have been taken.

The Etowah Circuit Court granted the State's Motion to dismiss the petition. The judgment recites pertinently:

"* * * the Court having considered the sworn petition and the motion, and further having considered the record in the case, finds that on entering his plea of guilty in this case·the petitioner was questioned fully by the Court concerning his understanding of the charges against him, and his rights under the law, and as to whether or not any threats or promises had been made to him before accepting his plea of guilty.

"The Court further considers and finds that the petitioner has not set out any newly discovered evidence nor raised any defense to show that the defendant is not guilty of the offense for which he was adjudged guilty, and that further proof is unnecessary to prevent a miscarriage of justice.

"It is, therefore, Ordered, Adjudged and Decreed, etc. * * *"

The reasoning below could further be buttressed by the principle enunciated in Vincent v. State, 284 Ala. 242, 224 So.2d 601, i. e., within the time that an appeal was available against the original conviction a petition for coram nobis is anticipatory and hence should be denied. See also Mack v. State, 51 Ala.App. 611, 288 So.2d 150.

The judgment below is

Affirmed.