DeCARLO, Judge.
Burglary, second degree; ten years.
The appellant, an indigent, was indicted by the Madison County Grand Jury and charged with burglary in the second degree.
An application for youthful offender status was filed by appellant, but was denied by the trial court. At arraignment, defendant pleaded guilty to the charge in the indictment. He was sentenced to ten years in the penitentiary. The case was argued and submitted to this court.
I
Appellant’s only contention is that the plea of guilty was not voluntarily and intelligently made because appellant entered the plea relying on an assurance by his trial attorney that a jury trial would result in a ten-year sentence, but a guilty plea would result in a lesser sentence.
This contention that the appellant was motivated to plead guilty because of a lesser sentence is not well taken. The Supreme Court of the United States in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 1465, 25 L.Ed.2d 747, held that, if a plea of guilty is voluntarily and intelligently made, with competent counsel present, the plea is not invalid because it was motivated by a desire to avoid the death penalty and to obtain a lesser sentence.
II
Except for the affidavit by the appellant filed in a supplement to the record, the record submitted to this court contains nothing to substantiate appellant’s claim.
The record does contain a colloquy between the trial judge and the appellant; a “Waiver of Jury Trial” form; and “Court’s Exhibit A” [Ireland form], signed by appellant and by appellant’s counsel; the combination of which demonstrates a compliance with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, that the plea of guilty was voluntarily and intelligently made.
Considering the facts in the record before this court, it is our judgment that the trial court did not commit error by accepting the appellant’s guilty plea. Therefore the judgment of conviction by the Madison Circuit Court should be affirmed.
AFFIRMED.
All the Judges concur.