JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant, Larry Rena Clark, was indicted by the Grand Jury of Barbour County for murder in the first degree. He entered a plea of guilty to murder in the second degree. The trial court accepted the agreement made by the appellant, his attorney, and the district attorney, and duly sentenced the appellant to thirty years imprisonment. Later the appellant became dissatisfied with the length of his sentence, and with the services of his trial counsel, and filed a writ of error coram nobis, and a petition for a writ of habeas corpus, in the Circuit Court of Barbour County, both being denied by the trial judge, he appeals to this Court.
The appellant was at all proceedings in the trial court, and in this Court, represented by counsel appointed by the trial judge. This case was submitted to this Court on briefs.
Appellant states in his brief that the trial court erred to his prejudice on two grounds; first, in accepting the alleged guilty plea due to the involuntariness of its character; second, he was denied effective assistance of legal counsel at the trial level prior to, and subsequent to, his alleged plea of guilty.
The record before us shows that an Ireland Waiver of jury trial form, and a plea of guilty to murder in the second degree were signed by the appellant, his counsel, and the trial judge. The record further contains the court reporter’s transcript of the colloquy between the trial judge and the defendant at the time the plea of guilty was signed by the appellant. The record further contains a finding by the trial court that the appellant was represented by competent counsel, who was present in open court with the appellant through those proceedings, and that the appellant has full understanding of his rights as a defendant, and has a full understanding of his plea of guilty, and is intelligently and voluntarily entering his plea of guilt with full understanding of the nature of the charge, and acts sufficient to constitute the offense, and the consequences of his plea.
The appellant’s evidence at the hearing on his writ of error coram nobis consisted of his testimony, and the testimony of two law enforcement officers, and four exhibits. Appellant testified, in substance, that he agreed to enter a plea of guilty to murder in the second degree, and take a sentence of twenty-five years, but the judge gave him thirty years. The two officers testified, in substance, that when the appellant was arrested for murder, that the appellant did not run, but waited at the courthouse for the officer who arrested him. Appellant’s exhibits consisted of two letters written by appellant to an attorney, and the attorney’s answer to each, all written long before the plea was entered. The appellant offered no evidence from which an inference could be drawn that he was denied effective assistance of legal counsel at the trial level prior to, and subsequent to, his alleged plea of guilty.
State’s evidence consisted of testimony of appellant’s counsel, who represented him at the trial level, and of state’s counsel at the . trial level, and state’s exhibits 1, 2, and 3. The evidence of state’s counsel, and appellant’s counsel, was in direct conflict with the appellant’s evidence that he was advised that the sentence would be for twenty-five years. State’s evidence tended to prove that the agreement between the appellant, his counsel, and the state’s counsel was that *1085 the charge would be reduced to murder, second degree, and the sentence would be for thirty years; that the plea of not guilty would be withdrawn, and a plea of guilty to murder in the second degree would be entered, That the agreement was carried out exactly as agreed to. State’s exhibit one, two, and three consisted of two subpoenas issued at request of the defendant, Ireland form, plea of guilty, court reporter’s transcript of the proceedings on the day the plea was entered, including colloquy between the defendant and the trial judge, and the judgment entry finding that defendant is represented by competent counsel, and that the defendant has full understanding of his rights as a defendant, and full understanding of his plea of guilty, and is intelligently and voluntarily entering his plea of guilt with a full understanding of the nature of the charge, and acts sufficient to constitute the offense, and the consequences of his plea.
The question as to whether the plea of guilty was secured by misrepresentation of the length of the sentence, or was intelligently and voluntarily entered by the defendant, was for the trial judge. We hold that the trial judge did not err when he denied appellant’s petitions. Twyman v. State, 293 Ala. 75, 300 So.2d 124; Roden v. State, Ala.Cr.App., 384 So.2d 1248; Coff-man v. State, Ala.Cr.App., 381 So.2d 678; Ireland v. State, 47 Ala.App. 65, 250 So.2d 602; Barnes v. State, Ala.Cr.App., 354 So.2d 343.
Appellant’s second contention in his brief is that he was denied effective assistance of legal counsel. We have carefully searched the petition for writ of error cor-am nobis filed in this case, and we find no averment in the petition that appellant was innocent of the crime for which he was convicted, or that he had a valid defense. We do not find any evidence in this record tending to prove that appellant was denied effective assistance of legal counsel at the trial level. We do find in the record a determination by the trial court that appellant was represented at the trial level by competent counsel. The burden of presenting the matter to the court for determination falls on the petitioner, and he should aver the facts in his petition, and follow by proof of the facts by his evidence. We hold that the trial court did not err when it dismissed appellant’s petitions. Summers v. State, Ala.Cr.App., 366 So.2d 336; Certiora-ri Denied, Ala., 366 So.2d 346; Lewis v. State, Ala.Cr.App., 367 So.2d 542; Certiora-ri Denied, 367 So.2d 547; Robinson v. State, Ala.Cr.App., 361 So.2d 1172; Mack v. State, 51 Ala.App. 611, 288 So.2d 150; Ireland .v. State, supra.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.