194 So.2d 562

Walter Frank KNOWLES

v.

STATE of Alabama.

4 Div. 270.

Supreme Court of Alabama.

Jan. 26, 1967.

Walter Frank Knowles, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

MERRILL, Justice.

This is an appeal from a judgment denying a petition for writ of error coram nobis after a hearing on the merits.

On April 30, 1954, the residence of Mrs. Lena Belle Shugarman in Dothan, Houston County, was entered by two armed men who forcibly took a sum of money. Later that day, the petitioner and one Larkins were arrested by two State troopers in Barbour County. The troopers moved petitioner and Larkins from the car they were driving, searched them and put them into the patrol car. The car they had stopped fitted the description of a car used in a reported robbery in Dothan. One of the troopers found three pistols and a rifle in the car and later a roll of money was found in the car heater after Larkins had told the officers where to look.

A few days later, petitioner's family employed an able attorney, now deceased, to represent petitioner. His attorney held a series of conferences with the District Attorney and they finally agreed, with petitioner's consent, that the plea of not guilty would be withdrawn and each of the defendants, petitioner and Larkins, would plead guilty to the charge of armed robbery, a capital offense, and take a sentence of forty years in the penitentiary.

On May 28, 1954, the day set for the trial, the parties appeared before the court with their attorney and changed their plea of not guilty to guilty. This was first announced by their attorney and the trial judge stated: "I want to go a little further on this point. Mr. Knowles, do you want to withdraw your plea of not guilty and interpose a plea of guilty at this time?" Mr. Knowles: "Yes, sir." The same question had been asked Larkins with the same answer. Then in open court, a stipulation of the facts was entered into setting forth the facts of the robbery and they were stated to the jury by the District Attorney. The court then addressed both defendants and their attorney, asking each of them if they confirmed the statement made by the District Attorney. Each replied in the affirmative and the jury found each guilty and fixed the punishment at forty years and they were subsequently sentenced accordingly.

This petition was filed April 27, 1966, and no insistence is made that petitioner was not adequately represented, and he and his attorney representing him on this petition stated that they did not claim inadequacy of counsel as a ground for the petition. He did assert that:

A. He was prosecuted, convicted and sentenced under a defective indictment and/or warrant of arrest.

B. That when arrested, his person and automobile were searched and a sum of money seized without a warrant of arrest or a search warrant.

C. That he was denied due process of law in that he was not afforded a prelimi-

nary hearing, was held in jail 26 days before appearing before a magistrate and a confession was illegally obtained from him.

D. That the confession was obtained without presence of counsel or a warning that he had a right to remain silent or a warning that his statements could be used against him.

E. That he was convicted upon evidence illegally obtained from him, i. e., fifty-nine dollars, his confession and his guilty plea.

The then District Attorney of Houston County is now the Circuit Judge and he properly recused himself because he was a witness at the hearing. The Chief Justice appointed Honorable Eris F. Paul, Circuit Judge of the Twelfth Judicial Circuit, to hear the petition.

Judge Paul wrote a very fine, full and complete opinion in which he gave good and valid reasons for the denial of each of petitioner's contentions. It consists of seven transcript pages and need not be reproduced here, although we concur in his findings. See Queor v. State, 278 Ala. 10, 174 So.2d 687, where the plea was changed from "not guilty" to "guilty."

We do not even intimate that the confession was illegally obtained or that any constitutional right of petitioner was violated. But it is positive and certain from this record that the petitioner's plea of guilty was voluntarily and understandably made.

We quote from Cooper v. Holman, 356 F.2d 82, and Busby v. Holman, 356 F.2d 75, (both 5th Circuit cases arising in Alabama):

"* * * It is settled by a host of authorities that a judgment on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and had gone to trial. This is so because the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him. The judgment and sentence which follow a plea of guilty are based solely upon the plea and not upon any evidence which may have been acquired improperly by the prosecutor. Accordingly, a confession in the possession of the prosecutor which has been illegally obtained cannot be made the basis for a collateral attack upon a judgment of conviction entered upon a plea of guilty voluntarily and understandably made."

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.