214 So.2d 925

**Hubert H. VANN**

v.

**STATE.**

**6 Div. 395.**

Court of Appeals of Alabama.

Oct. 15, 1968.

524

Hubert H. Vann, pro se.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

This is an appeal from a judgment denying a petition for a writ of error corram nobis after a hearing on the merits.

Appellant was indicted by the Grand Jury of Lamar County, Alabama, for the offense of second degree burglary. He, represented by court-appointed counsel, pled guilty and was sentenced to a term of ten years in the penitentiary.

On April 28, 1967, a hearing on appellant's petition for writ of error coram nobis was held and said petition was denied.

In his petition, appellant asserted that he was not advised of his constitutional right to counsel during interrogation; that his arrest was illegal in that the arresting officers had not secured a legal warrant of arrest; that evidence was obtained from his home as a result of an illegal search and seizure; and that his trial conviction and sentence were without due process of law.

In Busby v. Holman, 356 F.2d 75 (5th Cir., 1966), the United States Court of Appeals stated in part:

"[T]he plea [of guilty], if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him. The judgment and sentence which follow a plea of guilty are based solely upon the plea and not upon any evidence which may have been acquired improperly by the prosecutor. Accordingly, a confession in the possession of the prosecutor which has been illegally obtained cannot be made the basis for a collateral attack upon a judgment of conviction entered upon a plea of guilty voluntarily and understandably made."

See also Cooper v. Holman, 356 F.2d 82, 83 (5th Cir., 1966) and Knowles v. State, 280 Ala. 406, 194 So.2d 562.

In the instant case, appellant's plea of guilty waived all non-jurisdictional defects in prior proceedings against him. Thus, the only allegation we now consider is whether the plea of guilty was freely and voluntarily made.

The Order of the Court denying appellant's petition states in part as follows:

"The Court further finds that the constitutional rights of the State of Alabama and of the United States was fully explained to the defendant and according to the evidence that he understood the same. The Court further finds from the evidence that there was no coercion, no promises or influence, of any kind, to induce the defendant to enter his plea of

guilty in case number 2400 and the companion cases.

"The Court further finds that the petitioner was not deprived of any of his constitutional rights, in any way or in any manner, and the Court has knowledge and the Court has judicial knowledge that he appeared before the Court and entered his plea of guilty after being asked of his desires by the Court."

After a diligent search of the record we conclude that the court's ruling was proper and, therefore, are of the opinion that the judgment in this cause should be and the same is hereby

Affirmed.