**Johnnie Leonard SCHWARZAUER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 5178–68.**

United States District Court
S. D. Alabama, S. D.

Jan. 10, 1969.

Johnnie Leonard Schwarzauer, pro se.

Don Conway, Asst. U. S. Atty., Mobile, Ala., for defendant.

ORDER

PITTMAN, District Judge.

By order of this court filed herein on September 23, 1968, the petitioner, Johnnie Leonard Schwarzauer, was granted leave to file and proceed in forma pauperis on his motion to vacate sentence. At the same time, this court ordered and directed that the respondent, United States of America, by its authorized representative, appear and show cause on or before October 23, 1968, why the motion as prayed for by the petitioner should not be granted. The United States Attorney for the Southern District of Alabama filed a return and answer on behalf of the respondent on October 25, 1968.

Upon consideration of the motion filed by petitioner and the return and answer filed on behalf of the respondent it appears that at the time of filing his motion petitioner was serving a sentence imposed by the United States District

Court for the Southern District of Alabama, Judge Clarence Allgood presiding, on July 1, 1964, after a plea of guilty to a charge of second degree murder.

Petitioner raises three issues:

(1) That he was illegally arrested without a warrant or probable cause,

(2) That his plea of guilty was not voluntary, but was coerced, and

(3) That the statute under which he pleaded guilty, Title 18 U.S.C. Section 1111 (Murder), is unconstitutional.

■ Taking these slightly out of order, the United States has submitted a transcript of the proceedings on July 1, 1964, at which time petitioner entered his plea of guilty to the charge of Murder in the Second Degree. From the transcript it is clear that the district judge took proper precautions before accepting petitioner's plea of guilty. Therefore, this court finds that the plea of guilty by petitioner was un-coerced and voluntary.

■■ Having found the plea of guilty to be voluntary, it is equally clear that petitioner can not now raise his first issue; i. e., that he was illegally arrested, since a plea of guilty waives all non-jurisdictional questions. Busby v. Holman, 356 F.2d 75 (5th Cir. 1966).

Finally, petitioner contends that the act under which he pled guilty, 18 U.S.C. § 1111, is unconstitutional for the same reasons that 18 U.S.C. § 1201 was held unconstitutional in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, (April 8, 1968). In fact only that part of § 1201 which, in effect, provided that only the jury could impose the death sentence was struck down by the Supreme Court. It was held that such a provision discouraged one from exercising his constitutional right to a jury trial, since if an accused did request a jury trial under § 1201 (Federal Kidnapping Act) he ran the risk of receiving the death penalty, whereas if he waived a jury trial or pled guilty, he could not receive such a sentence.

■ Petitioner contends that his situation is analogous to the Jackson case. But the pertinent part of 18 U.S.C. § 1111(b) reads:

"* * * Whoever is guilty of murder in the first degree, shall suffer death *unless the jury qualifies its verdict by adding thereto* 'without capital punishment', in which event he shall be sentenced to imprisonment for life * * *." (Emphasis added.)

Comparing this to the language of 18 U.S.C.A. § 1201:

"* * * shall be punished (1) by death * * * *if the verdict of the jury shall so recommend* * * *",
(Emphasis added.)

it is clear that the language of the two statutes is not analogous. For whereas in § 1201 only the jury can return a verdict of death, no such limitation exists in § 1111. Under § 1111 either judge or jury could do so.

Therefore, it is ordered, adjudged, and decreed that petitioner's motion to vacate sentence be and the same is hereby denied.