245 So.2d 823

**Tommie Lee HUDSON**

v.

**STATE.**

**3 Div. 39.**

Court of Criminal Appeals of Alabama.

March 2, 1971.

Michael S. Lottman, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from denial of coram nobis.

It is alleged in the petition that the plea of guilty entered on March 3, 1958, to a charge of robbery, was coerced. Petitioner further alleged that he did not have a fair trial in the Circuit Court of Montgomery County; that he was deprived of his right to call witnesses for his defense; that his alleged confession, which was a factor in coercing him to plead guilty, was obtained by physical force; that he was not advised of his right to remain silent and his right to counsel.

The record discloses that the attorney appointed to represent the petitioner fully discussed the case with petitioner and interviewed the witnesses whose names were given to him by the petitioner that they refused to corroborate his story. The attorney recommended that petitioner enter a plea of guilty and accept a sentence of twenty-five years. When the petitioner made the decision to plead guilty no witnesses were subpoenaed in his behalf.

The attorney testified the petitioner did not indicate to him the confession was not voluntarily made.

Petitioner testified that he was arrested and taken to jail; that Officer Townsend wrote out a statement and passed it to him to read and when he refused to sign it the officer hit him with a pipe across the head and shoulders and left the room. Another officer came in and asked why he didn't sign the statement. He also kicked and slapped petitioner and went out of the room. About fifteen minutes later Mr. Townsend came back, sat down and talked threateningly and he signed the statement; that he told his lawyer this is how he came to sign the statement.

J. D. Towns, a former detective with the City of Montgomery, testified he investigated the case against Tommie Lee Hudson; that he was not coerced, threatened or promised a reward or hope thereof; that he never denied the robbery, and that he begged to sign the confession. The officer stated:

"I'll never forget it as long as I live. He asked me to leave him alone by himself and I did. I went out. When I came back in he begged me and he said, 'Please take down my confession. It is about to run me crazy' or something like that, or words to that effect. Then, I typed his statement."

This evidence was sufficient to support the denial of the petition for the writ of error coram nobis.

Moreover, a confession which has been "illegally obtained cannot be made the basis for a collateral attack upon a judgment of conviction entered upon a plea of guilty voluntarily and understandably made." Busby v. Holman, 5 Cir., 356 F.2d 75; Knowles v. State, 280 Ala. 406, 194 So.2d 562.

Affirmed.