**Clovis Carl GREEN, Jr., Petitioner,**

v.

**Donald W. WYRICK, Warden, Missouri State Penitentiary, Respondent.**

No. 76 CV–328–W–4.

United States District Court, W. D. Missouri, W. D.

Jan. 11, 1977.

Clovis Carl Green, Jr., pro se.

Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ELMO B. HUNTER, District Judge.

This is an action in the nature of a petition for writ of federal habeas corpus wherein petitioner Green seeks to have this Court set aside his ten year sentence for rape which was imposed subsequent to a plea of guilty entered in the Circuit Court of Jackson County, Missouri, on June 25, 1975. Petitioner claims that the ten year sentence imposed pursuant to a plea-bargain arrangement must be vacated for the reason that it was enhanced upon the trial judge's consideration of prior invalid convictions. In support of his claim, petitioner alleges " . . . that Robert Duncan [petitioner's counsel during plea proceedings] informed him that Judge Bondurant [sentencing judge] would only approve a 10 year plea bargain sentence due to the prior 9 felony convictions." Petitioner asserts here that only one of the convictions outstanding on his criminal record is valid and urges that he has a right to be resentenced without trial court consideration of other arrest notations or unconstitutional convictions which may be part of his record.

The present action is at least the second petition for writ of habeas corpus which petitioner has filed in this Court seeking to challenge the validity of his 1975 conviction and sentence for rape. On May 13, 1976, this Court entered its Memorandum and Order denying a prior petition for writ of habeas corpus filed by petitioner Green. *Green v. Wyrick*, 414 F.Supp. 343 (W.D.Mo.1976). That decision, which was rendered after a full evidentiary hearing, reflected this Court's finding that petitioner Green had voluntarily and intelligently entered his plea of guilty to the charge of rape. On appeal, the United States Court of Appeals for the Eighth Circuit affirmed that finding. *Green v. Wyrick*, 542 F.2d 1178 (8th Cir. 1976). Upon taking judicial notice of the record and proceedings in petitioner's prior habeas action before this

Court, it is clear that the present action is without merit and the petition is appropriately denied. However, before discussing the reasons for that conclusion, it is appropriate to give discussion to the question of exhaustion of state remedies and the question of petitioner's possible abuse of the writ of habeas corpus.

 Based upon the matters set forth in the various pleadings in this action, there is no question that petitioner has failed to properly present the Missouri courts with a full and fair opportunity to pass on the merits of petitioner's instant claims. Until he does so, petitioner has not satisfied the requirement of 28 U.S.C. § 2254(b) that available state remedies be exhausted prior to the granting of federal habeas corpus relief. *Picard v. Conner*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Rice v. Wolff*, 513 F.2d 1280 (8th Cir. 1975). Respondent states, and petitioner admits, that petitioner filed a pro se motion to vacate his sentence under the provisions of Rule 27.26, Missouri Rules of Criminal Procedure, on August 15, 1975, and therein raised the claims he presents in this action. That motion was filed in the Circuit Court of Jackson County, Missouri, which appointed counsel to represent petitioner in that case. Those proceedings were terminated on a dismissal without prejudice which was entered on the motion of the petitioner. Petitioner subsequently filed a second 27.26 motion but did not include the grounds alleged here and in his first motion under Rule 27.26. From these facts it is clearly evident that petitioner has not presented the state courts with the opportunity to pass on the merits of the issues raised here. Although petitioner has filed a second 27.26 motion which apparently was denied on the merits, which petitioner argues forecloses him from filing these claims in the state courts, Rule 27.26 does not necessarily and absolutely foreclose a state court from entertaining a second or successive motion to vacate or set aside a conviction and sentence. *State v. Moreland*, 351 S.W.2d 33, 37 (Mo.1961). Further, there is nothing in the present record which would reflect that the state courts of Missouri would refuse to entertain a properly filed motion under Rule 27.26 raising the petitioner's instant claims. Without some indication in the record that state proceedings would be futile, the exhaustion requirement cannot be disregarded as futile. *Eaton v. Wyrick*, 528 F.2d 477 (8th Cir. 1975). Simply stated, the sum and substance of the foregoing is that petitioner has not exhausted state remedies and were it not appropriate to dispose of this matter on the merits, this action is properly dismissed for failure to comply with the exhaustion requirements of § 2254(b). The exhaustion requirement is, however, only a rule of comity, *Smith v. Wolff*, 506 F.2d 556 (8th Cir. 1974); and this Court deems it appropriate to dispose of petitioner's claims on the merits.

At this juncture it is appropriate to consider a matter which is perhaps collateral to the question of the merits of petitioner's claims but nevertheless an important facet of this particular action. As has already been noted, petitioner has on at least one earlier occasion sought to have this Court set aside his June 25, 1975, state conviction and sentence for rape. Mr. Green's earlier habeas action, case No. 75 CV–498–W–4, was filed in this Court on July 16, 1975. Shortly after his petition was filed, petitioner was appointed counsel. A full evidentiary hearing was subsequently conducted on January 20, 1976. In a Memorandum and Order filed May 13, 1976, the Court set out its findings that petitioner had voluntarily and intelligently entered his guilty plea to the rape charge in return for the state prosecutor's recommendation that his sentence be ten years imprisonment. *Green v. Wyrick, supra.*

Despite adequate time and adequate opportunity during the pleading stage and during the course of the evidentiary hearing, petitioner never raised in case No. 75 CV–498–W–4 the claims he asserts now. As petitioner admits raising the instant claims in a Rule 27.26 motion filed in the Circuit Court of Jackson County, Missouri, on August 15, 1976, there is no doubt that petitioner had knowledge of his present claims shortly after he filed the petition in

case 75 CV–498–W–4 and long before the evidentiary hearing was held in that action on January 20, 1976. These facts strongly suggest that petitioner has engaged in a gross abuse of the Great Writ of habeas corpus, especially when considered in light of petitioner's practice of filing a deluge of habeas corpus and civil rights actions in state and federal courts. See *Green v. Garrott*, 71 F.R.D. 680, No. 76 CV–135–C (W.D.Mo. Aug. 9, 1976); *Green v. Wyrick, supra* at 353 n. 10.

Section 2244(b) of Title 28, United States Code, provides that after adjudication of a habeas corpus action on the merits after a full evidentiary hearing a court may summarily dismiss a successive application for a writ of habeas corpus when " . . . the court, justice, or judge is satisfied that the applicant has . . . on the earlier application deliberately withheld [a] newly asserted ground or otherwise abused the writ." By an Order entered in this cause on August 6, 1976, petitioner was directed to show cause why this action should not be summarily dismissed pursuant to § 2244(b). That Order stated in pertinent part:

> [I]t is therefore ORDERED that petitioner Green show cause in writing and under oath why this cause should not be summarily dismissed under. the provisions of 28 U.S.C. § 2244(b) for abuse of the writ. Petitioner's response to this order is to consist solely of an explanation of why he failed to raise the grounds asserted in this cause in the prior habeas action, 75 CV–498–W–4. That explanation should rely on FACTS. . . .

To this date, petitioner has not responded to that Order with an affidavit or other sworn pleading stating any facts which would explain his failure to raise his instant claims in his prior habeas proceeding. Based upon all of the foregoing, this Court is clearly convinced and satisfied that petitioner has abused the habeas process and that this action is appropriately dismissed for that reason pursuant to § 2244(b). However, the Court is likewise convinced that petitioner's claims are totally without merit, as discussed below, and has concluded that in the interests of judicial economy it is best to dispose of this action once and for all on the merits.

In this action, petitioner asserts that at some point in time before he agreed to the ultimate plea arrangement, his counsel advised him that Judge Bondurant would not, because of petitioner's criminal record, accept any sentencing recommendation of less than ten years. The contention that this constituted unconstitutional enhancement of petitioner's sentence is without merit.

The matters of record in this proceeding and in petitioner's prior habeas action, of which this Court takes judicial notice, clearly show that petitioner struck a bargain with the state; he would accept a term of ten years imprisonment in return for his plea of guilty to the charge of rape. The Court has already found that petitioner's plea was entered knowingly and voluntarily, *Green v. Wyrick, supra* ; and upon reconsideration of the evidence of record in light of petitioner's present allegations, the Court affirms that finding without reservation.

Petitioner's reliance on *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), and like decisions is misplaced. The instant facts do not present the situation where a sentencing judge considered a defendant's criminal record and weighed that record in the discretionary decision as to an appropriate imprisonment term. In petitioner's case, his potential exposure on entering his plea of guilty was fixed by the terms of the plea bargain arrangement to ten years confinement. Because of the plea bargain, the only discretion exercised by Judge Bondurant was in deciding to accept the bargain and the accompanying sentence recommendation or to reject the bargain and reinstate petitioner's prior plea of not guilty. When the trial judge accepted the state's recommendation and imposed a ten year sentence, petitioner received all that for which he bargained. Petitioner cannot now complain of that sentence. Further all matters antedating the guilty plea were effectively waived when petitioner entered his knowing and volun-

tary plea. *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Although petitioner on hindsight may not now like the bargain to which he agreed, it is the firm conclusion of this Court that the plea and sentence resulting from that bargain are fully valid.

Accordingly, for the foregoing reasons, it is therefore

ORDERED that the petition for writ of habeas corpus be, and the same is hereby, denied.