The appellant was indicted on a charge of robbery. Subsequently the indictment was amended with the consent of the appellant and a plea of guilty was entered to a charge of grand larceny. The appellant was sentenced for a term of one year's imprisonment and seven years probation.
Prior to the time the guilty plea was entered, counsel for the appellant filed three motions to suppress evidence or statements. The record does not indicate whether these motions were heard or whether they were ruled upon. Before entry of the guilty plea, no request was made for a ruling on these motions. The appellant now claims that he had a right to have a hearing on these motions before entering the guilty plea.
The record will not support any allegation that the trial judge refused to hear and rule upon these motions. The appellant does not contend that the guilty plea was not made knowingly or voluntarily except insofar as the trial court did not explain to the appellant his "right" to have a ruling on the motions. There is no contention that appellant's counsel was incompetent.
Our review of the record convinces us that the guilty plea was voluntarily and understandingly entered. There is absolutely nothing presented which would raise any doubt about the integrity of the appellant's admission.
A guilty plea, if voluntarily and understandingly made, waives all nonjurisdictional defects in the prior proceedings against an accused. Askew v. State of Alabama, 398 F.2d 825
(C.A. 5 1968); United States v. McCoy, 477 F.2d 550 (C.A. 5 1973); Knowles v. State, 280 Ala. 406, 194 So.2d 562, cert. denied, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967). A plea of guilty purges the record of error unless the appellant proves clearly that his plea was extorted by duress, fraud, intimidation, or deception. Butts v. State, Ala.Cr.App.,346 So.2d 497 (1977); Hanes v. State, 56 Ala. App. 711,325 So.2d 219, cert. denied, 295 Ala. 404, 325 So.2d 221 (1975); Mack v.State, 51 Ala. App. 611, 288 So.2d 150 (1974). The judgment and sentence which follow a plea of guilty are based solely upon the plea and not upon any evidence which may have been acquired improperly by the prosecutor. *Page 345 Knowles, supra, at 280 Ala. 406, 194 So.2d 562.
A guilty plea is a waiver of trial and a waiver of the right to contest the admissibility of any evidence the state might have offered against the defendant, see McMann v. Richardson,397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v.North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785
(1970), including an illegal arrest, the validity of a search and seizure, Vann v. State, 44 Ala. App. 523, 214 So.2d 925
(1968), or a prior involuntary confession. Williams v. State,283 Ala. 668, 220 So.2d 609 (1969).
A plea of guilty is an admission of all the elements of the offense. All matters antedating a guilty plea are waived by its entry. Green v. Wyrick, 428 F. Supp. 744 (D.C.Mo. 1977). It is a waiver of rights guaranteed by the due process clause of the Fifth Amendment. United States v. O'Donnell, 539 F.2d 1233
(C.A. 9 1976), cert. denied, 429 U.S. 960, 97 S.Ct. 386,50 L.Ed.2d 328.
As a general rule a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings, Lefkowitz v. Newsome,420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975) and renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established. Menna v. City of New York, 423 U.S. 61,96 S.Ct. 241, 46 L.Ed.2d 195 (1975).
Questions concerning a trial court's refusal to suppress certain evidence are nonjurisdictional issues which were effectively waived by guilty plea. United States v. McCoy,477 F.2d 550 (C.A. 5 1973).
In line with these authorities we hold that any question concerning any alleged "right" of the accused to secure a ruling from the trial court on pretrial motions to exclude or suppress are nonjurisdictional issues effectively waived by the guilty plea in the absence of an allegation of incompetent counsel. See McMann, supra; Parker, supra.
We have searched the record and finding no error conclude that the judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur.