This is an appeal from a guilty plea to an indictment charging the unlawful possession for other than personal use of seven hundred marijuana plants. The trial court fixed sentence at seven years' imprisonment.
The appellant contends that his conviction is due to be reversed because the indictment was improper in that the indictment (1) did not state the date of the alleged offense, (2) was returned thirteen months after the appellant had been arrested and posted bond on a charge of possession of marijuana, (3) does not reflect that the appellant was ever served with a copy of the indictment, (4) contains no execution by the sheriff and does not reflect that the appellant was ever arrested and charged, (5) because the appellant was improperly arrested without a warrant or indictment, and (6) because the appellant was denied his constitutional right to a speedy trial.
The record before this court reflects that on August 13, 1976, the appellant obtained an "Appearance Bond In Felony Cases where Defendant arrested before Indictment". On September 28, 1977, the appellant was arraigned in open court in his own person and with his employed attorney. The indictment was read to the appellant and a plea of not guilty was entered. Trial was set and continued without objection. On the day of trial, November 28, 1977, the appellant withdrew his plea of not guilty and pled guilty to the offense of possession of a controlled substance (marijuana) for other than personal use.
The entry of the guilty plea is in compliance with Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In a colloquy between the appellant and the trial judge the appellant admitted possession of marijuana, that he had seventy-nine grams, that this case was "the one about the stalks in the field", that the marijuana growing in the field was the appellant's, that he had been tending and cultivating it, that he did it for some purpose other than his own personal use, that he knew it was against the law and that he was satisfied with the advice and services of his attorney.
The record also reveals that an agreement regarding punishment existed and the appellant stated that this agreement was in his best interest. The recommendation by the state was that the appellant "be given a seven-year penitentiary sentence in this case and that the remaining cases on the docket be nol prossed and any cases up to this time that are known of by the state will not be prosecuted".
No other plea was filed to the indictment and the record contains no objection of any type to any matter.
A plea of guilty, if voluntarily and understandingly made, is conclusive as to the guilt of the defendant, admits all facts charged, and waives all nonjurisdictional defects and questions in the prior proceedings against the defendant. Knowles v.State, 280 Ala. 406, 194 So.2d 562, cert. denied,386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967). While a plea of guilty purges the record of error, Hanes v. State, 56 Ala. App. 711
at 713, 325 So.2d 219, cert. denied, 295 Ala. 404,325 So.2d 221 (1975); Butts v. Alabama, Ala.Cr.App., 346 So.2d 497
(1977), the plea is only an admission of record of the truth of whatever is sufficiently charged in the indictment, and does *Page 1189 
not prevent a defendant from taking advantage of error or defects apparent of record. Harris v. State, 19 Ala. App. 484,98 So. 316 (1923); Albright v. State, 50 Ala. App. 480,280 So.2d 186, cert. denied, 291 Ala. 771, 280 So.2d 191 (1973). However the indictment in this case is not void and does support the conviction.
An indictment need not state the date of the alleged offense.Boswell v. State, 290 Ala. 349, 276 So.2d 592 (1973); Henry v.State, 57 Ala. App. 383, 328 So.2d 634 (1976); Section 15-8-30, Code of Alabama 1975.
It is no objection to an indictment that it was returned after the accused was arrested. An indictment is not subject to abatement because another charge is pending against the defendant for the same offense. Tolbert v. State, 28 Ala. App. 209,181 So. 800, cert. denied, 236 Ala. 221, 181 So. 800
(1938); Howard v. State, 29 Ala. App. 199, 194 So. 853, cert. denied, 239 Ala. 274, 194 So. 857 (1940).
It is also no objection to an indictment that it does not reflect service of a copy upon the defendant or execution by the sheriff. No demand was ever made for a copy of the indictment. At the appellant's arraignment the indictment was read to him. Before accepting the appellant's plea of guilty which was received on the date of trial, the indictment was again read to the appellant. The failure to make demand for a copy of the indictment in this case was an effective waiver of the right to such. Shaffer v. State, 202 Ala. 243, 80 So. 81
(1918); Schull v. State, 53 Ala. App. 735, 304 So.2d 239, cert. denied, 293 Ala. 773, 304 So.2d 242 (1974).
Moreover, by pleading guilty to the indictment the appellant waived the objections he now attempts to raise to the indictment. We have previously held that a guilty plea, if voluntarily and understandingly made, waives all nonjurisdictional questions including the legality of an arrest, Vann v. State, 44 Ala. App. 523, 214 So.2d 925 (1968); the validity of a search and seizure, Vann, supra, Adams v.State, 42 Ala. App. 664, 177 So.2d 922 (1964); and any unexplained delay in bringing the accused before a committing magistrate for preliminary examination. Woodard v. State,42 Ala. App. 552, 171 So.2d 462 (1965). By pleading guilty the accused would also waive his right to a speedy trial.
We have found no error in this record that injuriously affected the substantial rights of the appellant. There is nothing to indicate that the guilty plea was not voluntarily and understandingly made. Therefore the judgment of conviction is affirmed.
AFFIRMED.
All Judges concur.
 *Page 148