Rape; sentence: ten years imprisonment.
After the appellant's indictment for rape, he and his court appointed counsel filed numerous motions in the circuit court among which was a motion to quash the petit jury venire, a motion for a speedy trial, a motion to quash the indictment, a motion to produce, and several motions to proceed in forma pauperis.
Counsel for appellant argues that overruling of the motion to quash the indictment amounts to reversible error. His contention on appeal is that evidence taken on the motion shows that there was a disproportionate number of blacks and young people on the jury venire. He further contends that the jury roll contained only a small number of the persons qualified to serve as jurors in the county.
Prior to trial on the merits, however, the appellant entered a plea of guilty and upon recommendation of the prosecution, he was sentenced to ten years imprisonment, the minimum sentence allowable under Alabama law for the offense charged.
Appellant attempts to appeal from the trial court's ruling on the pretrial motions entered prior to acceptance of his plea of guilty. The record discloses that the trial judge apprised the appellant of all his constitutional rights pursuant to Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record affirmatively shows that the guilty plea was intelligently and voluntarily entered by the appellant.
A guilty plea, intelligently and voluntarily entered by an accused, waives all nonjurisdictional defects. No contention is made here that the trial court lacked jurisdiction over the person or over the offense in the instant case.
A guilty plea has been held to waive constitutional issues such as: the failure to advise an accused of his constitutional rights, Mack v. State, 51 Ala. App. 611, 288 So.2d 150 (1974); coerced confessions, Williams v. State, 283 Ala. 668,220 So.2d 609 (1969); Knowles v. State, 280 Ala. 406, 194 So.2d 562, cert. denied, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); illegal arrest, search, or seizure, Vann v. State, 44 Ala. App. 523, 214 So.2d 925 (1968); Williamson v. Alabama, 5 Cir.,441 F.2d 549, cert. denied, 404 U.S. 844, 92 S.Ct. 144, 30 L.Ed.2d 80
(1971); Schwarzauer v. United States, D.C., 298 F. Supp. 1012
(1969); conflict of interest of a defendant's court appointed counsel, Martin v. United States, 5 Cir., 256 F.2d 345, cert. denied, 358 U.S. 921, 79 S.Ct. 294, 3 L.Ed.2d 240 (1958).
We find that the appellant's guilty plea was entered intelligently, understandingly, and voluntarily. All nonjurisdictional defects and issues presented prior to acceptance of that plea were thereby waived.
AFFIRMED.
All the Judges concur.