We granted certiorari at the instance of the State to review the decision of the Court of Criminal Appeals reversing and remanding the conviction in the Circuit Court of DeKalb County of Teddy Ray Dingler. The conviction was based upon his plea of guilty to one charge of possession of marijuana and three charges of sale of marijuana. After careful consideration, we are convinced the writ was improvidently granted and is due to be quashed, 408 So.2d 527.
The decision of the Court of Criminal Appeals hinged on its conclusion that the colloquy between the trial judge and the accused failed to affirmatively establish a factual basis from which the trial judge could have determined that the accused's guilty pleas were voluntarily and knowingly entered, as mandated by the landmark decision of Boykin v. Alabama,395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The Court of Appeals held that the inadequate colloquy was not cured by the accused's execution of an "Ireland" form (Ireland v. State,47 Ala. App. 65, 250 So.2d 602 (1971)) or other similar device. Particularly, it noted that defendant never stated or acknowledged to the court that he was guilty of the crime charged.
On review here, the sole issue raised by the State is whether the decision conflicts with this court's opinion in Ex parteSankey, 364 So.2d 362, cert. denied, 440 U.S. 964,99 S.Ct. 1513, 59 L.Ed.2d 779 (1978), and the earlier decision of the Court of Criminal Appeals in Albright v. State, 50 Ala. App. 480, 280 So.2d 186 (1973).
In Sankey this court stated:
 The rule of law is that a plea of guilty when accepted and entered by the court is a conviction of the highest order, and is an admission, of record, of the truth of whatever is sufficiently charged in the indictment.
And in Albright, the Court of Appeals held:
 A plea of guilty is more than a voluntary confession made in open court: it also serves as a stipulation that no proof by the prosecution need be advanced, except as expressly provided by statute, and it supplies both evidence and verdict, thereby ending the controversy. *Page 532 
The principle conveyed in these two statements was similarly imparted by the United States Supreme Court in Boykin, where it said:
 A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.
In the succeeding sentence, however, the court stated:
 Admissibility of a confession must be based on a "reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant."
Therein lies the answer. A properly accepted guilty plea does, indeed, admit what is sufficiently charged and obviates the necessity of proof by the State. The plea is only properly accepted, however, upon satisfaction of the requisites ofBoykin, including the trial judge's determination that the guilty plea was knowingly and voluntarily entered by the accused. The record must reflect sufficient facts from which such determination could properly be made.
The rule was correctly stated in Barnes v. State,354 So.2d 343 (Ala.Cr.App. 1978):
 A guilty plea, if voluntarily and understandingly made, waives all nonjurisdictional defects in the prior proceedings against an accused. [Emphasis added.]
Although an express admission of guilt is not a constitutional requisite to the imposition of a criminal penalty based upon a plea of guilty, North Carolina v. Alford,400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), it was not error for the Court of Appeals to consider the absence of such an admission along with other facts, or lack thereof, gleaned from the record, in deciding whether the pleas of the accused were voluntarily and knowingly entered.
The importance of a record which adequately reflects the factual basis of a trial judge's determination that a plea of guilty passes constitutional muster before acceptance, was summarized in the closing passage of Boykin:
 What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought . . . and forestalls the spin-off of collateral proceedings that seek to probe murky memories.
 The three dissenting justices in the Alabama Supreme Court stated the law accurately when they concluded that there was reversible error "because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty." [Citations and footnotes omitted.]
Accordingly, we hold that the decision of the Court of Criminal Appeals in this case does not conflict with Ex parteSankey, supra, or Albright v. State, supra, and therefore the writ is due to be quashed.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
FAULKNER, JONES, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX and ALMON, JJ., dissent.