The defendant pled guilty to an indictment charging escape in the first degree and was sentenced to three years' imprisonment
He argues that the facts contained in the record do not show that he is guilty as charged
A person commits the crime of escape in the first degree if, having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to conviction. Alabama Code 1975, Section 13A-10-31 (a)(2) (Amended 1977)
The defendant, a convicted felon, was a "trustee". After washing cars at the Highway Patrol Station, he was brought back to the Lee County Jail at 5:00 P.M. Usually, he and the other trustees would just "hang around outside" the courthouse until 7:00 P.M. when they were taken to the Opelika City Jail for the night. The defendant admitted leaving the courthouse after 5:00 P.M. and going to "a lady's" where he was arrested before he could return
Custody is "a restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court, but does not include mere supervision of probation or parole, or constraint incidental to release on bail." Section 13A-10-30
(b)(1). The key word in the definition of "custody" is "restraint". See commentary following Section 205.00, New York Revised Penal Law. "A person may still be in custody even though not under constant supervision by guards, so long as some restraint remains upon complete freedom." Read v. UnitedStates, 361 F.2d 830, 831 (10th Cir. 1966). "It is not necessary that the prisoner be confined by physical force, and the fact that he was unguarded at the time of his escape is immaterial." 30A C.J.S. Escape Section 5 (1965). See alsoJenkins v. State, 367 So.2d 587 (Ala.Cr.App. 1978), cert denied, 367 So.2d 590 (Ala. 1979)
Furthermore, a plea of guilty is an admission of whatever is sufficiently charged in the indictment. Ex parte Sankey,364 So.2d 362 (Ala. 1978). A voluntary guilty plea concludes the issue of guilt, Monroe v. State, 50 Ala. App. 302, 278 So.2d 751
(1973), and dispenses with the need for judicial fact findingRickard v. State, 44 Ala. App. 281, 207 So.2d 422 (1968). A plea of guilty, voluntarily and intelligently made, is conclusive as to the defendant's guilt and is an admission of all facts sufficiently charged in the indictment. Busby v. Holman,356 F.2d 75 (5th Cir. 1966); *Page 442 Knowles v. State, 280 Ala. 406, 194 So.2d 562 (Ala. 1967); Campv. State, 359 So.2d 1187 (Ala.Cr.App. 1978). A plea of guilty admits all elements of the offense. Barnes v. State,354 So.2d 343 (Ala.Cr.App. 1978)
The judgment of the Circuit Court is affirmed
AFFIRMED
All Judges concur