428 So.2d 131 (1982)
Ex parte: State of Alabama.
(In re: Carl Andrew RUSSELL
v.
STATE of Alabama).
81-487.
Supreme Court of Alabama.
August 6, 1982.
Rehearing Denied December 30, 1982.
*132 Cynthia C. Pickett, Mobile, for petitioner.
Charles A. Graddick, Atty. Gen., and Martha Gail Ingram, Asst. Atty. Gen., for respondent.
TORBERT, Chief Justice.
The defendant, Carl Andrew Russell, was indicted for robbery in the first degree on December 22, 1980. On January 20, 1981, *133 at his arraignment hearing, the defendant pleaded not guilty. On April 1, 1981, he withdrew his plea of not guilty and entered a plea of guilty to an amended indictment charging attempted robbery in the first degree. After a long series of questions, the court accepted the plea and sentenced Russell to fifteen years' imprisonment under the Habitual Offender Law.
Russell subsequently appealed his conviction and the Court of Criminal Appeals reversed, concluding that there was no compliance with all of the material requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that the defendant was sentenced to attempted robbery in the first degree, while the evidence showed only attempted robbery in the third degree. We reverse.
The indictment charged that the defendant attempted a robbery with a pistol. During a long series of questions by the trial court, to determine whether the defendant had talked with his attorney, had knowingly and voluntarily waived his right to a jury trial, and understood the consequences of pleading guilty, the following occurred:
"THE COURT: What happened ... why did they arrest you? What did you do that you got arrested for?
"THE DEFENDANT: They said I come in their house waving a pistol, or something like that.
"THE COURT: Now, did you do that or didn't you?
"THE DEFENDANT: I guess I got to take the time. You won't give me the time ...
"THE COURT: No, let's talk about ... Did you go in the house and wave the pistol?
"THE DEFENDANT: No, I didn't wave no pistol.
"THE COURT: Did you go in the house, and did you get some money from them?
"THE DEFENDANT: No, sir.
"MS. PATTERSON [Counsel for the State]: Judge, excuse me. No money was actually taken.
"THE COURT: All right, just tell me what you did. That's all I want to know.
"THE DEFENDANT: I just went in the house, that's all.
"THE COURT: Did you say anything to them?
"THE DEFENDANT: No, sir.
"THE COURT: Whose house was it?
"THE DEFENDANT: One of them.
"THE COURT: Now, you are talking that way, and I'm up here.
"THE DEFENDANT: I am saying one of them out of the three. I don't really know.
"THE COURT: You did go in their house?
"THE DEFENDANT: Yes, sir.
"THE COURT: And why did you go in there?
"THE DEFENDANT: Went in there to talk, you know, went in there and ...
"THE COURT: If you don't tell me what you are going to do, I am going to have to put you ... If you don't tell me what you did, I am going to have to put you to trial. Did the lawyer talk to you about all these things?
"THE DEFENDANT: No, he didn't explain...
"THE COURT: Did he explain the penalty you are facing?
"THE DEFENDANT: Yes, sir.
"THE COURT: Now, do you want to plead guilty or not?
"THE DEFENDANT: Judge, I want to plead guilty.
"THE COURT: Now, you tell me what you did. You have to tell me what you did, or I am not going to let you plead guilty.
"THE DEFENDANT: Well, I guess I went in there and attempted to rob.
"THE COURT: You went in there to attempt to rob one of these ladies here?
"THE DEFENDANT: Yes.
"THE COURT: And that's what you did?
"THE DEFENDANT: No, I didn't do it.
"THE COURT: You attempted to rob them?

*134 "THE DEFENDANT: Yes."
The Court of Criminal Appeals correctly states that this was the only mention of a weapon during the questioning and that the defendant denied waving the pistol. The court then concludes that without more, there is nothing to sustain a conviction for attempted robbery in the first degree, since no evidence was introduced to prove the existence of a weapon at the scene of the attempted robbery. We cannot agree.
Upon amendment of the charge from robbery in the first degree to attempted robbery in the first degree, the reason for the change was fully explained by the state. Counsel for the defendant stated that he had no objection to the amendment and both he and the defendant had a clear understanding that the charge was attempted robbery in the first degree, which requires the use of a deadly weapon.
The issue thus becomes whether the state, after a fully informed defendant pleads guilty to an offense, is required to present a prima facie case and prove every element of the offense charged. We answer this in the negative.
It has long been the law in Alabama that upon entering a plea of guilty, a defendant waives his right to trial and confesses against himself. Hall v. State, 45 Ala.App. 252, 228 So.2d 863 (1969). If voluntarily and understandingly made, a plea of guilty is conclusive as to the defendant's guilt. Knowles v. State, 280 Ala. 406, 194 So.2d 562, cert. denied, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); Camp v. State, 359 So.2d 1187 (Ala.Cr.App.1978).
When a guilty plea is accepted and entered by the court, it "is a conviction of the highest order, and is an admission, of record, of the truth of whatever is sufficiently charged in the indictment." Ex parte Sankey, 364 So.2d 362, 363 (Ala.), cert. denied, 440 U.S. 964, 99 S.Ct. 1513, 59 L.Ed.2d 779 (1978). Such a plea serves as a stipulation that no proof need be advanced by the prosecution, except as specifically required by statute, and supplies both evidence and verdict. Albright v. State, 50 Ala.App. 480, 280 So.2d 186, cert. denied, 291 Ala. 771, 280 So.2d 191 (1973); Woodard v. State, 42 Ala.App. 552, 171 So.2d 462 (1965). A guilty plea is an admission of all the elements of the offense charged. Barnes v. State, 354 So.2d 343 (Ala.Cr.App. 1978). See also, Green v. Wyrick, 428 F.Supp. 744 (W.D.Mo.1977); Carr v. State, 406 So.2d 440 (Ala.Cr.App.1981).
The United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969), held that a guilty plea "is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment."
Here the appellate court reversed on the basis that there was no proof by the State that all of the elements of the charge were present; that is, that Russell was armed with a deadly weapon. Yet the indictment specifically stated that "Carl Russell was armed with a deadly weapon; to-wit; a pistol...." The only change in this indictment was to amend the charge from first degree robbery to attempted robbery in the first degree. The indictment continued to charge that the defendant was armed with a pistol. The defendant voluntarily and understandingly entered his plea of guilty and the mere fact that he denied waving a pistol is insufficient to override the guilty plea.
Because we find that the trial court complied with all the material requirements of Boykin v. Alabama, and that the defendant voluntarily and understandingly entered a plea of guilty, we feel that the decision of the Alabama Court of Criminal Appeals is due to be reversed and the conviction and sentence imposed by the trial court reinstated.
REVERSED AND REMANDED.
ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
FAULKNER and JONES, JJ., dissent.
*135 FAULKNER, Justice (dissenting).
I would quash the writ as being improvidently granted, and thus agree with the decision of the Court of Criminal Appeals.
Reading the defendant's answers to the trial judge's questions leads me to conclude that the defendant did not knowingly enter a guilty plea. It appears to me that he was so confused he didn't understand the guilty plea.
JONES, J., concurs.

ON APPLICATION FOR REHEARING
We are urged in the application for rehearing to reconsider "whether the record of a guilty plea hearing must reflect that defendant admits having committed each element of the offense to which he is pleading guilty." The decisions of our courts indicate that the defendant must be fully informed of all the elements of the offense. See, e.g., Rogers v. State, 332 So.2d 165 (Ala.Cr.App.), cert. denied, 332 So.2d 168 (Ala.1976). This does not necessitate that the defendant admit having committed each element of the offense where, as here, he has pleaded guilty to the charge of attempted robbery. Once the defendant is aware of the elements of an offense, and pleads guilty as charged, this constitutes an admission of every element of the crime. Barnes v. State, 354 So.2d 343 (Ala.Cr.App. 1978).
The following exchange clearly indicates that Russell was aware of and admitted to the offense with which he was charged:
"THE COURT: Now, you tell me what you did. You have got to tell me what you did, or I am not going to let you plead guilty.
"THE DEFENDANT: Well, I guess I went in there and attempted to rob.
"THE COURT: You went in there to attempt to rob one of these ladies here?
"THE DEFENDANT: Yes.
"THE COURT: And that's what you did?
"THE DEFENDANT: No I didn't do it.
"THE COURT: You attempted to rob them?
"THE DEFENDANT: Yes.
"THE COURT: But you didn't ever rob them?
"THE DEFENDANT: No, sir."
The defendant admitted to attempted robbery and it was not necessary, as urged by counsel, that in this colloquoy he admit specifically to each element.
We have also reconsidered whether the defendant was aware that possession of a deadly weapon was an element of the offense. We are still of the opinion that he was aware of this element. The indictment included a reference to the use of a deadly weapon. Although defendant waived a reading of the indictment, he is nonetheless charged with knowledge of its contents. Further, the defendant executed an "Ireland" form which indicated, "my lawyer has explained to me the elements of this crime and the punishment therefor and I understand them." See, Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (Ala.Cr.App.1971). Finally, the judgment specifically states that the trial court had ascertained that the defendant was aware of the nature of the crime charged in the indictment. Thus, we cannot say that defendant was unaware of the elements of the offense, and the trial court was not in error in accepting his guilty plea.
APPLICATION FOR REHEARING OVERRULED; OPINION EXTENDED.
JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
FAULKNER and BEATTY, JJ., dissent.
BEATTY, Justice (dissenting):
Upon further consideration I now believe that the majority opinion does not properly address the defendant's contention that his guilty plea was not "voluntarily and understandingly" made. The majority accepts the trial counsel's bare assurances that the defendant was adequately informed, even though the trial court was required under law to go behind those assurances and independently assess the basis of the defendant's plea. To review the trial court's action, *136 we cannot accept at face value the trial counsel's mere assurances that he informed the defendant. Instead, we should analyze the colloquy between the trial judge and the defendant to determine if the record discloses whether the defendant voluntarily and understandingly pled guilty. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Dingler v. State, 408 So.2d 530 (Ala.1981). The majority opinion fails to attempt such an analysis. Consequently, the action now taken does not conform to law.