HARRIS, Judge.
Appellant was arrested on October 3, 1983, by Huntsville Police officers, and charged with possession of marijuana, and receiving stolen property. On October 4, 1983, appellant was taken to various locations in Madison County to help investigators of the Huntsville Police Department, who were attempting to recover the stolen property. While the investigators were at a house, appellant was left unsupervised by the officers, and he went out the back door of the house.
*1019 The Grand Jury of Madison County returned an indictment charging appellant with escape in the third degree. Ala.Code § 13A-10-33 (1975). On February 6, 1984, appellant appeared before the circuit court, and pled guilty to the escape charge. Appellant’s counsel informed the trial judge that appellant was going to plead guilty, and that he was going to take “a couple of minutes” to go over the form with appellant. After a brief recess, the proceedings continued, and the trial judge accepted appellant’s guilty plea.
Appellant alleges that the trial court failed to develop an adequate factual basis on which to base its determination that appellant knowingly and voluntarily pled guilty to the charge. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that the trial judge make certain that the accused has a full understanding of what the guilty plea connotes, and it’s consequences. The plea must be voluntarily made, and the trial judge should be satisfied that there is factual basis for the plea. Dingler v. State, 408 So.2d 527 (Ala.Crim.App.1980), writ quashed, 408 So.2d 530 (Ala.1981).
Appellant alleges that the trial judge did not make a determination of whether the guilty plea was knowingly and voluntarily made. An examination of the record clearly shows that the trial judge elicited sufficient information from appellant to determine if the guilty plea was knowingly and voluntarily made. Appellant was represented by counsel, who informed the trial court that he had explained appellant’s constitutional rights to him. Appellant signed an Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971) form, which also listed his constitutional rights, and appellant stated that he understood his constitutional rights. Appellant was informed of the maximum and minimum punishment for escape in the third degree. The trial court and appellant further conversed:
“THE COURT: Do you understand you don’t have to plead guilty?
“THE DEFENDANT: Yes.
“THE COURT: But you can plead not guilty and that I am here as much to try your case and if you are innocent or declare your innocence as I am to determine your guilt and impose punishment. I am here for both purposes, whichever is appropriate. Do you understand that?
“THE DEFENDANT: Yes.
“THE COURT: You have entered a request to enter a guilty plea form, and if you do that, you should do that only if you are guilty. Do you understand?
“THE DEFENDANT: Yes.
“THE COURT: And for no other reason. Do you understand that?
“THE DEFENDANT: Yes.
“THE COURT: To the charge of escape in the third degree, how do you plead?
“THE DEFENDANT: Guilty.
“THE COURT: Is that because you are guilty or is there some other reason?
“THE DEFENDANT: No, because I am guilty.”
It is apparent that the trial court did, in fact, have enough information to ascertain that appellant was aware of the nature of the crime he was charged with committing. The record reflects sufficient facts from which the trial court could determine that appellant’s guilty plea was knowingly and voluntarily entered. Ex parte Dingler, 408 So.2d 530, 532 (Ala.1981).
Appellant’s admission that he pled guilty because he was guilty is an admission of all the elements of the offense charged. Carr v. State, 406 So.2d 440 (Ala.Crim.App.1981); Barnes v. State, 354 So.2d 343 (Ala.Crim.App.1978). A voluntarily given guilty plea concludes the issue of guilt, dispenses with need for judicial fact finding, is conclusive as to the defendant’s guilt, and is an admission of all facts sufficiently charged in the indictment. Morrow v. State, 426 So.2d 481 (Ala.Crim.App.1982).
The record indicates that the trial court had ascertained that appellant was aware of the crime charged in the indictment. Thus, we cannot say that appellant was unaware of the elements of the of *1020 fense. Russell v. State, 428 So.2d 131 (Ala.1982). Once a guilty plea is properly accepted and entered, it is a “conviction of the highest order, and is an admission, of record, of the truth of whatever is sufficiently charged in the indictment.” Ex parte Sankey, 364 So.2d 362, 363 (Ala), cert. denied, 440 U.S. 964, 99 S.Ct. 1513, 59 L.Ed.2d 779 (1978). The trial court was not in error in accepting appellant’s guilty plea.
Appellant’s contention that the record infers that appellant was not in custody at the time of his attempted escape, but merely on bail, is not reflected in the record, and the issue is wholly without merit.
An examination of appellant’s contentions and the record reveals no errors prejudicial to appellant’s substantial rights. This cause is, hereby, due to be affirmed.
AFFIRMED.
All the Judges concur.